UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA LUNA,

      Plaintiff,

     v.                                       CASE NO. 8:16-CV-2010-T-27MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Debra Luna claims she is disabled and cannot work. After an administrative law judge (ALJ) denied her disability application, Plaintiff asked the Appeals Council (AC) to reconsider. With this appeal pending, Plaintiff moved from California to Florida and hired new counsel. The AC denied her appeal but mailed its decision to Plaintiff's California address and to Plaintiff's former representative; her new counsel did not get a copy and did not learn of the AC's decision until a year later. Plaintiff quickly appealed to this Court, and I am asked to decide if Plaintiff's action is time barred (doc. 11). The Social Security Act (SSA) gives a claimant 60 days from the date the AC mails its decision to appeal to district court. Although Plaintiff filed her complaint late, I find the SSA's 60-day deadline should be equitably tolled in this circumstance. I recommend the district judge deny the Commissioner's motion to dismiss, which I construe as a summary judgment motion.[1]

---

[1] The district judge referred the Commissioner's motion to dismiss to me (*see* docs. 11, 12). Because the Commissioner submitted a declaration and exhibits to its motion to dismiss (doc. 11) and Plaintiff submitted exhibits in response (doc. 12), I advised the parties that I would consider the motion to dismiss as a summary judgment motion under Rule 56 (doc. 13). I gave them 14 days to submit additional evidentiary materials. Neither party did so, and the deadline

A. *Summary Judgment Standard*

A court should grant a motion for summary judgment only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1279-80 (11th Cir. 2004). The existence of some factual disputes will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). *Id.* Essentially, an issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case, and an issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

The moving party bears the initial responsibility to inform the court of the basis for its motion and to identify the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact. *Id.* at 1260. For issues on which the non-movant bears the burden of proof at trial, the moving party may show the court that there is an absence of evidence supporting the non-moving party's case, or it may support its summary judgment motion with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Once the moving party makes this showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial. *Tolan v.*

---

has passed. The Commissioner's summary judgment motion is ripe.

*Cotton*, 134 S. Ct. 1861, 1863, 1866 (2014); *Fitzpatrick*, 2 F.3d at 1116-1117. In considering the evidence, the court resolves all reasonable doubts about the facts in favor of the non-moving party and draws all justifiable inferences in its favor. *Hickson*, 357 F.3d at 1260. But the court does not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 255.

B.  *Analysis*

The SSA has a 60-day statute of limitations; a claimant seeking judicial review of the Commissioner's final decision must file a civil suit within 60 days of receiving notice of the decision. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (citing 42 U.S.C. § 405(g)); *see* 20 C.F.R. § 422.210(c). "Absent 'a reasonable showing to the contrary,' the date of receipt of such notice is presumed to be five days after the date of such notice." *Christides v. Com'r of Soc. Sec.*, 478 F. App'x 581, 583 (11th Cir. 2012) (citing 20 C.F.R. § 422.210(c)). To rebut this presumption, a claimant must make a reasonable showing that she did not receive the AC's notice within five days of its date. If the claimant successfully rebuts this presumption, the burden shifts to the Commissioner to establish that the claimant received actual notice. *Gay-Allen v. Colvin*, No.3:13cv586/MCR/EMT, 2015 WL 521038, at *4 (N.D. Fla. Feb. 9, 2015).

The doctrine of equitable tolling is available to a social security claimant who files an untimely challenge in district court so long as the claimant shows extraordinary circumstances. *Jackson*, 506 F.3d at 1353. The extraordinary circumstances necessary for equitable tolling must be beyond the claimant's control and unavoidable despite the claimant's diligence. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citation and quotations omitted). The Eleventh Circuit cites fraud, misinformation, and deliberate concealment as examples. *Jackson*, 506 F.3d at 1353.

Both sides agree that the Commissioner issued its final decision (the AC's letter denying Plaintiff's request for review) on July 22, 2015, and mailed copies of it to Plaintiff at her address then on file with the agency (her California address) as well as to Plaintiff's former representative (doc. 11, ex. 2). Also undisputed is that the notice, in clear language, informed Plaintiff she had 60 days to appeal to federal court. Under a strict application of Section 405(g), Plaintiff had until August 27, 2015 – 65 days from July 22, 2015 – to file her complaint. But Plaintiff filed her complaint on July 13, 2016 (doc. 1), almost a year past the deadline.

To explain this untimely filing, Plaintiff submits an April 2014 letter from the agency to Plaintiff's Florida counsel (Michael Steinberg) acknowledging not only that it had received Plaintiff's request to appoint Mr. Steinberg as her representative but that it "will, therefore, be dealing directly with you [Mr. Steinberg] on matters pertaining to this claim(s)." (doc. 12, ex. 1). More than two years went by after this, and Mr. Steinberg heard nothing from the AC. So in April 2016, Mr. Steinberg's office called the agency and learned that the AC had actually issued its decision and denied Plaintiff's appeal in July 2015, nearly a year earlier (and a year *after* the agency confirmed to Mr. Steinberg that it would deal directly with him), and had mailed it to Plaintiff's former representative rather than to Mr. Steinberg (doc. 12 at 3). The AC does not explain this apparent mistake. The AC also sent a copy of its July 2015 decision to Plaintiff at her California apartment, but by that point Plaintiff had moved to Florida. Plaintiff states she did not receive the AC's decision.

First, on this record Plaintiff has rebutted the presumption that she received notice of the AC's decision. On the one hand, the Commissioner submits Roxie Rasey Nicoll's declaration (doc. 11, ex. 1). She is chief of the court case preparation division at the local branch of the AC. Ms.

4

Rasey Nicoll declares that on July 22, 2015, the AC sent Plaintiff and her prior representative a copy of the AC's decision and informed Plaintiff of her right to commence a civil action (*Id*. at 3). Plaintiff did not ask for an extension of time to file a complaint. (*Id*.) But on the other hand, Plaintiff has shown: (1) the agency mistakenly sent the decision to her former representative; and (2) she had moved across the country and did not receive her copy either. On this record, Plaintiff has created a reasonable showing that she did not receive the AC's notice in time to appeal. And the Commissioner has not presented evidence that Plaintiff received actual notice of the agency's decision.

Second, Plaintiff has shown the extraordinary circumstances necessary for equitable tolling. She admits that her late filing was not due to the Commissioner's fraud or deliberate concealment. But the agency effectively (though inadvertently) misled her: it sent the AC's decision and notice of right to appeal to Plaintiff's former representative rather than Mr. Steinberg despite informing him a year earlier it would deal directly with him from that point forward. *See Rivera-Gonzalez v. Astrue,* No. 8:11-cv-172-T-30EAJ, 2011 WL 2434071, at *1-2 (M.D. Fla. June 16, 2011) (finding equitable tolling where agency misled plaintiff by implying that if she asked the agency to extend the 60-day deadline she did not have to file her complaint on time); *see also Jackson*, 506 F.3d at 1356-57 (finding no extraordinary circumstances but "[t]his is not to say that we would be unwilling to equitably toll a statute of limitations where there is no evidence of deliberate concealment, but where the claimant nevertheless has been misinformed by a court's misleading actions or instructions."). This is not Plaintiff's or her counsel's error. *Cf. Collier-Fluellen v. Comm'r of Soc. Sec.*, 408 F. App'x 330, 330 (11th Cir. 2011) (negligence on the part of claimant's representative does not constitute extraordinary circumstance sufficient to trigger equitable tolling); *Smith v. Astrue*,

393 F. App'x 596 (11th Cir. 2010) (same).

In the end, Plaintiff filed her complaint in this Court as soon as she could have; that it was late was due to circumstances beyond her control. *Cf. Hanrahan v. Comm'r of Soc. Sec.*, No. 6:14-cv-1439-Orl-41GJK, 2015 WL 1055982, at *4 (M.D. Fla. Mar. 10, 2015) (no extraordinary circumstances where Plaintiff admits he received AC's decision but says his counsel misinformed him about the deadline). The AC sent its decision to Plaintiff's former counsel. Plaintiff's present counsel has shown that he did not receive a copy of the decision (in fact, Mr. Steinberg had to file Plaintiff's complaint before seeing that decision). Plaintiff also has shown that she moved across the country after appealing the ALJ's decision to the AC and did not get a copy of it. On this record, I find Plaintiff has demonstrated extraordinary facts to warrant relief.

C.     *Conclusion*

For these reasons, I RECOMMEND that the Commissioner's motion to dismiss (construed as a motion for summary judgment) (doc. 11) be DENIED.

IT IS SO REPORTED in Tampa, Florida on November 30, 2016.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.